**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Perryman,<br><br>    Plaintiff,<br><br>vs.<br><br>Provident Life and Accident<br>Insurance Company,<br><br>    Defendant. | No. CV-01-0927-PHX-PGR<br><br><br>ORDER |

    In its Opinion and Order (doc. #113), the Court, in the exercise of its discretion, determined that the plaintiff was entitled to an award of pre-judgment interest at the rate prescribed by 28 U.S.C. § 1961. *See* <u>Blankenship v. Liberty Life Assurance Co. of Boston</u>, 486 F.3d 620, 628 (9th Cir. 2007) (Generally, the interest rate prescribed for post-judgment interest by 28 U.S.C. § 1961 is the proper rate for pre-judgment interest unless the court finds by substantial evidence that the equities of the action require a different rate.) In making that determination, the Court specifically rejected the plaintiff's argument that the pre-judgment interest rate should instead be at Arizona's statutory rate of 10% pursuant to A.R.S. § 20-462.

    Pending before the Court is Plaintiff's Supplemental Request for

Prejudgment Interest (doc. #120), wherein the plaintiff again seeks pre-judgment interest at the Arizona statutory rate on the ground that § 20-462 is a law that regulates insurance and is therefore is "saved" from ERISA preemption by ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A); the plaintiff alternatively argues that the appropriate interest rate should be the rate that the defendant earned during the time it withheld disability benefits from the plaintiff. While the Clerk of the Court has docketed the plaintiff's supplemental request as a motion for pre-judgment interest, the Court construes it as motion for partial reconsideration of the Court's Order and Opinion and will treat it as such. Having reviewed the motion, the Court finds that it should be summarily denied.

First, a motion for reconsideration should be granted only in rare circumstances such as where the Court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been a intervening change in the controlling law. School Dist. No. 1J, Multnomah County, Or, v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Such a motion is not to be used, as the plaintiff improperly does here, to ask the Court "to rethink what the Court had already thought through - rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Vir. 1983). While the plaintiff's motion fleshes out her previous argument, the additional discussion does not contain anything that could not have been previously presented to the Court.[1]

---

[1] While the Court's Opinion and Order stated the parties could file a memorandum of points and authorities setting forth the party's position regarding the "pre-judgment interest issue" if they could not agree on the "appropriate pre-judgment interest rate and start date," the Court was obviously referring to the appropriate rate under 28 U.S.C. § 1961.

Second, the plaintiff's motion does not cite to any case law from within the Ninth Circuit showing that the Court should adopt Arizona's statutory rate instead of § 1961's rate. The Court is not persuaded by the plaintiff's argument because the large majority of such courts have routinely rejected arguments that the forum state's statutory pre-judgment rate should control in ERISA disability cases. See e.g., Schwartz v. Metropolitan Life Ins. Co., 2007 WL 2023476, at *1-2 (D.Ariz. July 12, 2007) (Court rejected plaintiff's argument that he was entitled to pre-judgment interest on his award of ERISA disability benefits at Arizona's statutory rate pursuant to A.R.S. § 20-462.); Smyrni v. US Investigations Services LLP, 2010 WL 807445, at *3 (N.D.Cal. March 5, 2010) (In rejecting plaintiff's argument that the pre-judgment interest rate on ERISA disability benefits should be the 10% rate set forth in California's Insurance Code, the court noted that of the judges of the Northern District of California who "have considered similar arguments in the ERISA context, all have declined to award pre-judgment interest under [the California statutory rate]." *See also*, Sheehan v. Guardian Life Ins. Co., 372 F.3d 962, 968-69 (8th Cir.2004) (In determining that the § 1961 rate was the applicable pre-judgment interest rate on plaintiff's ERISA benefits rather than Michigan's statutory rate of 12% that the plaintiff wanted, the court noted that "[i]f a requirement to pay interest on past-due [ERISA] benefits was implied onto all insurance contracts [by Michigan law], then courts would have no need to examine equitable principles when considering whether to award prejudgment interest in ERISA cases[.]")

Third, the Ninth Circuit has permitted deviation from § 1961's pre-judgment interest rate only when the plaintiff has submitted substantial evidence establishing that the equities of the case require a different rate. *See e.g.*,

Blankenship v. Liberty Life Assurance Co. of Boston, 486 F.3d at 628 (Court approved a deviation from the standard Treasury bill pre-judgment interest rate to a 10.01% rate because the plaintiff had submitted substantial evidence showing that the non-payment of over $6,000 in monthly ERISA disability benefits forced him to replace the benefits with his own personal funds that would otherwise have been invested in a mutual fund which had a 10.01 return rate during the relevant time period.); *see also,* Langston v. North American Asset Development Corp. Group Disability Plan, 2010 WL 330085, at *9 (N.D.Cal. Jan. 20, 2010) (In requesting a pre-judgment interest rate higher than the presumptive federal Treasury-bill rate under § 1961 based on the financial strain placed on her by the loss of ERISA disability benefits, the plaintiff submitted a declaration that described the interest rates on her six credit cards and her home mortgage and stated that her family was unable to do needed home repairs and upkeep. In rejecting that evidence as insufficient, the court stated: "The Court is sympathetic to plaintiff's financial troubles and recognizes that interest on plaintiff's back benefits is warranted as an element of compensation. However, most, if not all, ERISA plan participants whose benefits are terminated suffer financial setbacks as a result, and plaintiff has not demonstrated that the equities of her situation warrant departing from the 'norm' of awarding interest at the T-bill rate.") The Court will not deviate from the § 1961 rate here because the plaintiff has not submitted the required substantial evidence establishing that the equities of her situation mandate a higher rate.[2]

---

[2] The Court is unpersuaded that the defendant should be punished by a higher pre-judgment interest rate merely because the plaintiff has been deprived of her benefits for over ten years. *See* Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 988 (9th Cir.2001) ("Prejudgment interest is an element of

The plaintiff has not, for example, provided any evidence of what interest rate she would have earned had she had her disability benefits to invest. Therefore,

IT IS ORDERED that Plaintiff's Supplemental Request for Prejudgment Interest (doc. #120), construed as a motion for partial reconsideration of the Court's Opinion and Order (doc. #113), is denied.

IT IS FURTHER ORDERED that Plaintiff's Supplemental Request for Attorney's Fees (doc. #119), docketed by the Clerk of the Court as a motion for attorney's fees, is denied without prejudice as premature.[3]

IT IS FURTHER ORDERED that the parties' Stipulation to Entry of Briefing Schedule (doc. #115) is accepted solely to the extent that the parties shall jointly submit a proposed form of judgment no later than April 14, 2010. If the parties

---

compensation, not a penalty.") A significant portion of the delay in the resolution of this case was caused by the Court, not the defendant.

[3] The plaintiff's motion was filed prior to the Court's deadline of March 31, 2010 for the parties to file a joint proposed judgment. While the Court noted in its Opinion and Order (doc. #113) that the parties could file memoranda by March 31st as to certain issues if they could not come to an agreement as to those issues, in footnote 20 of its Opinion and Order, the Court specifically stated that "[i]f the parties cannot agree as to the amount of attorney's fees and non-taxable expenses due Perryman, the matter will be resolved post-judgment pursuant to the procedure set forth in LRCiv 54.2." The Court did not mean for the plaintiff to file an attorney's fees motion prior to entry of judgment, and, in any case, the plaintiff's memorandum does not sufficiently comply with all of the requirements of LRCiv 54.2(c).

The Court's requirement in its Opinion and Order that the parties "make every reasonable effort" to resolve the attorney's fees issue prior to the submission of a joint proposed judgment obviously was not complied with given the defendant's contention in the parties' Stipulation to Entry of Briefing Schedule (doc. #115), filed on March 25, 2010, that it needs additional time to respond to the plaintiff's request that her counsel be awarded fees at his current rate rather than his historical rate because it had not yet seen the plaintiff's argument or case authority.

cannot agree, after their counsel have made all reasonable and sincere efforts to do, as to the amount of past-due disability benefits owed to the plaintiff, the pre-judgment interest rate applicable to the past-due benefits pursuant to 28 U.S.C. § 1961 and the amount and start date of such pre-judgment interest, the parties may separately file no later than April 16, 2010 a memorandum of points and authorities that sets forth the party's position regarding such issues.

IT IS FURTHER ORDERED that any disagreement between the parties regarding the reasonable attorney's fees and non-taxable expenses to be paid by the defendant to the plaintiff shall be resolved post-judgment pursuant the provisions of LRCIV 54.2.

DATED this 30th day of March, 2010.

Paul G. Rosenblatt
United States District Judge